**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2558-24

MICHAEL SERAFIN, as
administrator of THE ESTATE OF
LINDA SERAFIN and MICHAEL
SERAFIN, individually,

     Plaintiff-Appellant,

v.

NATHAN OSTLER, DDS, and
CENTER FOR ORAL AND
MAXILLOFACIAL SURGERY,

     Defendants-Respondents.

_____

Submitted December 3, 2025 – Decided February 27, 2026

Before Judges Currier and Berdote Byrne.

On appeal from the Superior Court of New Jersey, Law Division, Monmouth County, Docket No. L-2557-22.

Law Offices of Richard A. Amdur, Jr., LLC, attorneys for appellant (Richard A. Amdur, Jr., of counsel and on the brief).

Barker Patterson Nichols, LLP, attorneys for respondent Center for Oral and Maxillofacial Surgery (Adonaid C. Medina, on the brief).

PER CURIAM

In this dental malpractice action, we consider whether plaintiff can maintain its claim for vicarious liability against a defendant employer after stipulating to dismiss with prejudice all claims against the allegedly negligent employee.

The trial court found plaintiff could not and granted defendant's Center for Oral and Maxillofacial Surgery (the Center), motion for reconsideration, dismissing the claims against it.

The doctrine of vicarious liability holds an employer accountable for the wrongful acts of its employees. Once plaintiff agreed to dismiss all claims against defendant Nathan Ostler, DDS, who was the Center's employee, no underlying wrongful act remained to support a vicarious liability action against the Center. We affirm.

Plaintiff Michael Serafin, as Administrator of the Estate of Linda Serafin, and individually, filed a complaint against Dr. Ostler and the Center, asserting three counts. The first count alleged Dr. Ostler deviated from the accepted standard of care by "failing to properly notify . . . [decedent]" regarding certain

2

biopsy results and "failed to properly treat her condition." This "negligence and professional malpractice" caused decedent's pain, suffering and eventual death. In the second count, Serafin sought wrongful death damages. The third count asserted the Center was "vicariously liable for" Dr. Ostler's negligent actions as its employee/principal.

Plaintiffs submitted an Affidavit of Merit (AOM) from Warren M. Torchinsky, DDS to support their claims. Dr. Torchinsky stated that "there exist[ed] a reasonable probability that the care, skill or knowledge exercised or exhibited [by the Center and Dr. Ostler] . . . fell outside of acceptable professional . . . standards or treatment practices in the treatment of [o]ral and [m]axillofacial [s]urgery."

The Center moved for summary judgment, asserting that Dr. Torchinsky had not reviewed all of the relevant medical records, and, therefore, his opinion was an unsupported net opinion. However, before the court ruled on the summary judgment motion, the parties executed a stipulation of dismissal with prejudice as to Dr. Ostler.

3

Shortly thereafter, the trial court denied the Center's motion for summary judgment.[1]  The court found that Dr. Torchinsky's testimony was not a net opinion and reasoned that "Dr. Torchinsky['s] fail[ure] to . . . review the medical records from Sloan Kettering, Jersey Shore Medical Center, and Wardell Gardens goes to the issue of the sufficiency of the evidence and the credibility of Dr. Torchinsky," which should be determined by a jury, not the court.

The Center subsequently moved for reconsideration of the order denying it summary judgment.  The Center argued that the filing of a stipulation of dismissal against Dr. Ostler required the dismissal of any claims of vicarious liability against the Center.  In addition, Dr. Torchinsky had not opined nor was he qualified to opine how the proffered two-and-a-half-year delay in diagnosis of decedent's cancer caused plaintiff harm.  Therefore, his testimony was insufficient to support a claim against the Center.

Plaintiff responded that it was alleging claims of general business negligence against the Center, including that it lacked established policies and procedures to communicate with patients regarding test results.  Plaintiff contended expert testimony was not required for that genre of claim.

---

[1]  It is unclear whether the court was aware of the Stipulation as it was not mentioned in the written statement of reasons.  The appellate record does not include the transcript of the oral argument on the motion.

A-2558-24

In a written statement of reasons and accompanying March 31, 2025 order, the court determined the stipulation required a grant of reconsideration of its prior order. The court found that because plaintiff executed a stipulation of dismissal "as to the claims against Dr. Ostler, there [was] no basis for vicarious liability as to [d]efendant [the Center]." The court noted that "[a] plain reading of the [c]omplaint indicates [it] . . . sounds in medical malpractice, wrongful death as a result of medical malpractice, and vicarious liability for an employee's medical malpractice." The court stated further, "there [was] no claim of general negligence alleged within the [c]omplaint." The court granted the motion for reconsideration.

On appeal, plaintiff contends the court erred in dismissing its claims against the Center as it was vicariously liable and material facts exist for a jury to decide causation.

We review a trial court's decision to grant or deny a motion for reconsideration under an abuse of discretion standard. Pitney Bowes Bank, Inc. v. ABC Caging Fulfillment, 440 N.J. Super. 378, 382 (App. Div. 2015). A court abuses its discretion "when a decision is 'made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible

basis.'" Ibid. (quoting Flagg v. Essex Cnty. Prosecutor, 171 N.J. 561, 571 (2002)).

Although plaintiff asserts the Center can still be vicariously liable for Dr. Ostler's professional negligence despite the voluntary dismissal of all claims against him, they also present an alternative argument, that the Center can be vicariously responsible for negligent actions arising out of its business practices. We discern no merit to either argument.

"Although as a general rule of tort law, liability must be based on personal fault, the doctrine of respondeat superior recognizes a vicarious liability principle pursuant to which a master will be held liable in certain cases for the wrongful acts of his servants or employees." Carter v. Reynolds, 175 N.J. 402, 408 (2003) (emphasis added). To establish vicarious liability, "a plaintiff must prove (1) that a master-servant relationship existed and (2) that the tortious act of the servant occurred within the scope of that employment." Id. at 409 (emphasis added).

Once plaintiff voluntarily dismissed all claims against Dr. Ostler, there was no underlying wrongful act by an employee for which to hold the Center vicariously liable. Therefore, the trial court properly reconsidered the denial of the prior summary judgment motion on that ground.

6

However, plaintiff then pivoted and contended its claim had "evolved" from a dental malpractice action into a theory of liability arising from the Center's "business practices as to their protocol and polices . . . ."  The court correctly rejected this argument.  The complaint is entitled "Medical Malpractice Complaint," and contains three counts alleging damages due to Dr. Ostler's negligence.  "The basic function of a complaint is to 'fairly apprise an adverse party of the claims and issues to be raised at trial.'"  Bauer v. Nesbitt, 198 N.J. 601, 610 (2009) (quoting Dewey v. R.J. Reynolds Tobacco Co., 121 N.J. 69, 75 (1990) (citation and internal quotation marks omitted)).  At no time did plaintiff move to amend its complaint to allege a new cause of action.  As the Bauer Court stated, "[w]ithout fair notice of a claim there cannot be fair play."  Id. at 611.

In light of the above reasoning, any remaining arguments lack sufficient merit to warrant further discussion in a written opinion.  R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is
a true copy of the original on file in
my office.

M.C. Harley

Clerk of the Appellate Division

A-2558-24